PUBLIC LANDS—See Ejectment 7.

---

PUBLIC OFFICER—See Evidence 17.   Information.

---

# PURCHASER.

### No. 1.

**HOY** *against* **WRIGHT ET AL.**   *Washington*, 1817.

A conveyance from A. to B. fraudulent and *void*, as against creditors, shall not defeat
the title of a subsequent bona fide purchaser, without notice of the fraud.

IN this case, the President, Directors, & Co. of the Ver-
mont State Bank, attached the whole township of Montpelier,
as the property of Gove, and others, and sold the Store, in
question, to the plaintiff, as the property of Gove, on the ex-
ecution; prior to the attachment, Gove had deeded the store
to one Langdon, which conveyance was probably fraudulent,
and afterwards, and before the levy of the execution, Langdon
had deeded to Gove, and Gove had deeded to defendants who
were bona fide purchasers.

The Court decided, the attachment of a whole township,
though good, to hold the property which was *apparently* the
property of Gove, was not notice to the defendants that the
plaintiffs intended to contest the right of *Langdon*, to this par-
ticular piece of property, to wit, the store in question; nor
would the conveyance of Langdon to Gove, *after* the attach-
ment, as aforesaid, enure to the benefit of the attaching credi-
tor; although, if Gove had sold the store to the President, &c.
and afterwards purchased it of Langdon, Gove, and all per-

sons claiming under him might be estopped from contesting the title of the President, &c.

NOTE—Furnished by NATHANIEL CHIPMAN, Esq. In this case Wright contracted with *Langdon* for the purchase, but it was agreed that Langdon should release to Gove and then Gove convey to Wright, so that Gove was a mere *instrument*, as will appear by the case.